Chandler v. Western Union Telegraph Co. *et al.* Georgia, Carolina & Northern Rwy. Co. v. Chandler.

1. A company receiving a telegraphic message for transmission, and a connecting company whose agent at the point of destination failed to deliver it with due diligence, cannot be joined in the same action for the statutory penalty, the action being brought for an alleged default of each severally, and no joint default or joint conduct of the business of telegraphing by the defendants being alleged.
2. A declaration against a telegraph company for the statutory penalty, which alleges that the message delivered to the company for transmission was never transmitted, may be amended by striking out everything which follows in the declaration which is inconsistent therewith, and by introducing new matter which is consistent and which merely amplifies this allegation, and if the declaration,

after being thus amended, is consistent and sets forth a cause of action under the statute, it should not be dismissed on general demurrer.

LUMPKIN, J., dissenting. Where it plainly and unmistakably appears from the allegations of the plaintiff's declaration, in an action against a telegraph company for the statutory penalty, that the gist of the action was that the company failed to transmit correctly the message delivered to it, although the declaration did allege that the message "was never transmitted," yet, it being perfectly obvious from the other allegations therein that the pleader meant by the words quoted merely to allege that the message was incorrectly transmitted, it is not allowable by striking out these latter allegations, or otherwise amending the declaration, to make it aver unequivocally that the message was never in fact transmitted at all. Properly construed, the original declaration was based on an incorrect transmission only. The amendment sought to introduce as a basis of the action actual non-transmission, which makes an entirely new and distinct cause of action.

*Judgment reversed as to the telegraph company,* LUMPKIN, J., *dissenting; and affirmed as to the railroad company, all concurring. Cross-bill of exceptions dismissed.*

July 23, 1894.

Action for penalty. Before Judge HUTCHINS. Jackson superior court. August term, 1893.

The declaration was against both the telegraph company and the railway company. It alleged, as to each, that it was a corporation with a line of wires partly in this State, engaged in telegraphing for the public, and having an office and agent in the county where the suit was brought; and that they were liable to plaintiff for the statutory penalty, for that: He delivered to the telegraph company, during usual office hours on July 20, at Harmony Grove, an office and station, a paid message to wit: "To L. F. Sims, c/o postmaster, Jug Tavern, Ga., via Athens, Ga. One of the twin babies dead; bury to-morrow three o'clock. D. F. Chandler." Such message so delivered was never transmitted. About noon on July 21, a message was delivered to the postmaster at Jug Tavern, Ga., in these words: "L. F. Sikes, c/o postmaster, Jug Tavern, Ga. One of the twin babies

died; bury to-morrow three o'clock. P. T. Chandler." Jug Tavern is located on the line of the railway company, and the delivery of said message was made by said company at Jug Tavern. The telegraph company is liable for having failed to faithfully and correctly transmit the message delivered to it by plaintiff; and the railway company is liable for its telegraph agent having failed to deliver any message in time, etc. Demurrers were filed by each defendant, and that of the railway company was sustained on the ground that it was improperly joined as a defendant with the telegraph company. Upon intimation that the declaration failed to set forth a cause of action, plaintiff offered to amend by alleging that defendant did not transmit and deliver said message with impartiality and good faith and with due diligence, nor did it transmit the same at all; and by striking from the declaration all allegations as to any sort of transmission or delay. The amendment was disallowed, as setting up a new cause of action; and the demurrer of the telegraph company, for want of a cause of action stated, was sustained. To each of the foregoing rulings plaintiff excepted. By cross-bill the railway company assigned error on the failure of the court to sustain that ground of its demurrer alleging that no ground of action against it was set out.

THOMAS & STRICKLAND, by HARRISON & PEEPLES, for plaintiff. DORSEY, BREWSTER & HOWELL, G. D. THOMAS and ERWIN & COBB, for defendants.